**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rickeya Boston, | No. CV-25-04487-PHX-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| Central Insurance Company, et al., | |
| Defendants. | |

The Court considers Defendant Central Insurance Company's ("Central") Motion to Dismiss (Doc. 5.)  The Court **grants** the Motion for the following reasons.

## I.      BACKGROUND

This case involves an insurance dispute arising from a car accident.  In July 2020, Plaintiff got into a car accident with a motorist whose insurance had a policy limit of $15,000 per person—this did not cover Plaintiff's damages. (Doc. 1-1 at 3.)  In May 2021, Plaintiff reached out to his insurer, Central, to request information about underinsured motorist ("UIM") coverage. (*Id.*)

Central did not respond despite being contacted multiple times. (*Id.* at 4.)  Plaintiff sent a UIM demand to Central on November 15, 2021. (*Id.*)  Central acknowledged receipt of the demand on December 6, 2021 and offered to settle the claim on April 11, 2022. (*Id.*)

Plaintiff rejected Central's offer and sent Central additional medical records and bills and documentation of lost earnings throughout April 2022. (*Id.*)  On May 20, 2022, Central again offered to settle Plaintiff's UIM claim. (*Id.*)  Plaintiff rejected this offer and

again requested policy documents regarding UIM coverage. (*Id.*) Central sent these documents on June 7, 2022. (*Id.*)

On June 17, 2025, Plaintiff sent Central an updated demand with additional medical bills, records, and estimates of future medical bills. (*Id.* at 5.) Central did not respond to this demand despite multiple efforts by Plaintiff to contact Central. (*Id.* at 5–6.) Plaintiff thus brought the present lawsuit on September 9, 2025. Plaintiff sues Central for breach of contract, bad faith, and for UIM coverage. (*Id.*)

Central moves to dismiss these claims as time barred under A.R.S. § 12-555(C)(2). (Doc. 5 at 1.) In short, Central contends that this statute "has a strict three-year time limit for filing suit to recover underinsured motorist benefits" which expired three years after Plaintiff's November 15, 2021 UIM demand. (*Id.*)

## II.    LEGAL STANDARD

To survive a Federal Rule of Civil Procedure ("Rule") 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Rule 8(a)(2). Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). This notice exists if the pleader sets forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

Dismissal under Rule 12(b)(6) "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A complaint that sets forth a cognizable legal theory will survive a motion to dismiss if it contains sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Plausibility does not equal

"probability," but requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility . . . .'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In ruling on a Rule 12(b)(6) motion to dismiss, the well-pleaded factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). However, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998). A court ordinarily may not consider evidence outside the pleadings when ruling on a Rule 12(b)(6) motion to dismiss. *See United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003). "A court may, however, consider materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *Id.* at 908.

## III.    DISCUSSION

The Court agrees with Central and finds that Plaintiff's claims are time-barred. "In relevant part, A.R.S. § 12-555(C)(2) requires that '[a] person . . . request arbitration or file suit pursuant to the terms of the insurance contract within three years after providing the written notice prescribed in subsection A or B of this section.'" *State Farm Mut. Auto. Ins. Co. v. Frank*, 547 P.3d 374, 381 (Ariz. Ct. App. 2024), *review denied* (Nov. 6, 2024) (alterations in original) (quoting § 12-555(C)(2)). Plaintiff provided such notice to Central on November 15, 2021. (Doc. 1-1 at 4.) Thus, the deadline for filing this lawsuit was November 15, 2024; Plaintiff missed this deadline.

Nonetheless, Plaintiff contends that subsection (C)(2) is inapplicable because Central violated subsection (C)(1). (Doc. 8 at 9.) Section 12-555(C)(1) provides:

> The insurer shall provide written notice to the person at the last known address on record with the insurer by first class mail, within two years after receiving the written notice prescribed in subsection A or B of this section,

> that the person must request arbitration or file suit pursuant to the terms of the insurance contract within three years after providing the written notice prescribed in subsection A or B of this section or the insurer is not liable for uninsured motorist coverage benefits or underinsured motorist coverage benefits.

Plaintiff contends that Central did not provide such notice and thus the statute of limitations under subsection (C)(2) has not run.  (Doc. 8 at 9.)

> The Arizona Court of Appeals has expressly rejected this exact argument: Commencement of the three-year period in (C)(2) is not tied to the insurer's compliance with (C)(1). Instead, subsection (C)(1) unambiguously ties the three-year statute of limitations to the date notice is provided under subsections (A) or (B). Subsection (C)(2) says arbitration or a lawsuit "shall" commence "within three years after providing the written notice prescribed in subsection A or B of this section." The legislature could have tied the period in (C)(2) to the notice required under (C)(1); it did not do so. It instead tied the period to the notice required in (A) or (B). And that makes sense because tying the statute of limitations to the notice required under (C)(1) could result in a never-ending limitations period if the insurer fails entirely to provide notice. Thus, we agree with the federal district court in Arizona that an insurer's non-compliance with (C)(1) does not extend the claimant's limitations period in (C)(2). *See Creasman v. Farmers Cas. Ins. Co.*, 681 F. Supp. 3d 1051, 1060–61 (D. Ariz. July 13, 2023). [The insurer's] noncompliance with subsection (C)(1) did not change [the insured's] deadline under subsection (C)(2).

*Frank*, 547 P.3d at 381–82.  The Court finds this analysis persuasive and declines to rule otherwise.

Moreover, "[w]here an intermediate appellate state court rests its considered judgment upon the rule of law which it announces, that is a datum for ascertaining state law which is not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise." *W. v. Am. Tel. & Tel. Co.*, 311 U.S. 223, 237 (1940).  Although Plaintiff suggests that the Arizona Supreme Court would rule otherwise, that is "a matter of conjecture."  *See id.* at 238.  The Arizona Supreme Court declined to review *Frank* which enhances its precedential value. *See id.* at 237 ("This is the more so where, as in this case, the highest court has refused to review the lower court's decision rendered in one phase of the very litigation which is now

prosecuted by the same parties before the federal court.").  Additionally, no other Arizona court of appeals has departed from *Frank*.  Thus, *Frank* is "the state law applicable to these parties and in this case has been authoritatively declared by the highest state court in which a decision could be had."  *See W.*, 311 U.S. at 238.

Plaintiff's remaining arguments regarding *Frank* are unpersuasive.  Plaintiff argues that "in *Franks* the Court held that the late notice by State Farm was when the UIM statute of limitation began to run."  (Doc. 8 at 9.)  *Frank* did not hold as much as a matter of law.  Instead, the insurer in that case told the insured that "it would consider the date of its late notice . . . as the date of [the insured's] notice of claim under § 12-555(B)."  647 P.3d at 382.  The court merely adopted the insurer's position given that the insurer expressly affirmed that the insured did not have to act until the date of its notice.  *Id.*  Such facts are not present here.  Indeed, the Court found that absent this factual anomaly, the deadline "would ordinarily be" three years after subsection A or B notice is provided.  *Id.* at 381.

Plaintiff also contends that Central is estopped from asserting a statute of limitations defense because "it breached its duty to provide notice of the UIM statute of limitation to Plaintiff under A.R.S. §12-555(C)(1) and the contract of insurance."  (Doc. 8 at 13.)  Again, *Frank* considered and rejected this argument.  The court found that an insurer's delay in disputing an insured's "claim is not affirmative conduct satisfying any of the four factors for equitable estoppel."  *Frank*, 547 P.3d at 382.  The court explained:

> More to the point, the legislature pegged the three-year period in § 12-555(C)(2) for commencing an action to the date when a UIM claim is first made. [the insured's] estoppel argument, if adopted, would re-calibrate that accrual date to when an insurer formally disputes a UIM claim. If we do so for [the insured], we will have to do so for most UIM claimants—insurance companies rarely dispute claims instantaneously. Had the legislature wanted to use the date the insurer first disputes a claim, it would have said so in the statute. But the legislature chose the notice of claim date instead. We will not use equitable principles to override the legislature's choice of accrual date.

*Id.*  The Court agrees with this analysis and sees no reason to find differently here.  Accordingly, Plaintiff's claims are dismissed with prejudice.

Plaintiff request leave to amend his Complaint to add breach of contract and bad

faith claims predicated on Central's violation of subsection (C)(1) which would carry the six-year statute of limitations that applies to contract claims.  (Doc. 8 at 11.)  The Court will not grant such leave because subsection (C)(2) does not leave room for such a cause of action.  Subsection (C)(2) is clear, if the insured fails to "file suit pursuant to the terms of the insurance contract within three years after providing the written notice . . . *the insurer is not liable for . . . underinsured motorist coverage benefits.*"  (Emphasis added).  This language does not include a carveout, express or implied, for insureds who do not receive subsection (C)(1) notice.  To conclude otherwise would read into § 12-555 a requirement that is not there.

Again, § 12-555 conditions an insurer's UIM obligation on the insured giving written notice to the insurer of their intent to pursue a claim.  § 12-555(A), (B), and (C)(2).  As relevant here, subsection (B) clearly provides that insureds must give such notice "within three years after the date of the accident that caused the bodily injury and the person."  This is the date that controls the statute of limitations for suing for UIM coverage under subsection (C)(2).  The Court is not convinced that subsection (C)(1) creates a back-door cause of action that extends the statute of limitation to six years in instances where the insurer fails to provide subsection (C)(1) notice.  Such language is not present in subsection (C)(1) like it is in subsection (C)(2).  At bottom, allowing litigants to pursue a cause of action beyond the three-year period established by subsection (C)(2) based on a violation of subsection (C)(1) would seemingly render subsection (C)(2) moot.  Finally, the Complaint was not predicated on Central's violation of subsection (C)(1); neither did the Complaint make any mention of Central's violation of subsection (C)(1).  Accordingly, the Court will not give Plaintiff leave to amend their Complaint to add a different cause of action predicated on different facts.

## IV.    CONCLUSION

Accordingly,

**IT IS ORDERED granting** Defendant Central Insurance Company's Motion to Dismiss (Doc. 5.)

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter final judgment consistent with this Order and close this case.

Dated this 29th day of June, 2026.

Honorable Susan M. Brnovich
United States District Judge